State v. Farlee.

The fifth—the error pointed out here is clearly amendable. *Wright* v. *Macevoy, Sayer* 12.

In the charge to the jury, which was assented to by the court, the Chief Justice stated these positions—

That fraud was sometimes a question of law and sometimes of fact. See *Ward* v. *Center,* 3 *Johns.* 171. If the jury are satisfied from the evidence, that the sheriff and Inskeep acted fraudulently in the sale of the premises, they should not be allowed to reap any benefit from such a transaction ; and the plaintiff ought not to recover against the defendant, who was the heir at law.

If, however, the sheriff acted improperly, without any participation on the part of Inskeep in the fraud, no irregularity or impropriety in which he was not concerned, and with which he was unacquainted, ought to prejudice his rights, or vitiate the deed to him as the purchaser.

CITED *in Ex. of Simmons* v. *Vandegrift, Saxt.* 61 ; *Den* v. *Tomlin,* 4 *Harr* 82.

THE STATE v. FARLEE.

On *habeas corpus* the court have no power to order a jury to determine the questions of fact that may arise: the court are the constitutional judges.

This was a *habeas corpus* to bring up the body of negro Joe.

*Leake,* for Farlee, prayed a jury might be impannelled for the purpose of ascertaining the facts. He insisted that this being a claim of property, no man could, under the constitution and laws of the state, be ousted of his property, or dispossessed of his rights, unless by the intervention of a jury which was solemnly guaranteed to every individual, by the constitution and laws. *Const. N. J.,* § 22. He alleged that

the court were vested with powers to order an issue, and to impannel a jury *instanter* for the purpose of determining it.

[42] PER CURIAM.   We have no power in such a case to order a jury.   This is not directly a case of property—it is one of personal liberty—it is a writ of right, intended for the protection of individuals against arbitrary or illegal detentions, and we are to decide upon it in our constitutional capacity, sitting here to superintend the liberty of the citizen, and to protect it from violation.

*Craft*, for the state, cited the cases of *The State* v. *McKnight*, in November Term, 1782, and *The State* v. *Vanhorne*, in May, 1785, in which Brearley, C. J., and the court had refused similar applications.